J. C. GUERRA et al., Appellants,

v.

F. C. GONZALEZ et al., Appellees.

No. 21594.

United States Court of Appeals
Fifth Circuit.

Jan. 15, 1965.

Gerald Weatherly, Laredo, Tex., Cunningham, Yznaga & Duncan, Brownsville, Tex., for appellants.

Glen H. Ramey, Rio Grande City, Tex., for appellees.

Before MARIS,* RIVES and BROWN, Circuit Judges.

## PER CURIAM.

This is a suit brought in the District Court for the Southern District of Texas by the mayor and city commissioners and 13 other residents of the city of Roma, Texas, against three other residents of that city. The suit sought an injunction restraining the defendants from prosecuting a contest of a city bond election in the District Court of Starr County, Texas, on the ground that the contest was frivolous, or, in the alternative, damages in the event the city of Roma should lose a certain federal public works acceleration grant by reason of such frivolous election contest. The suit also sought damages for deprivation of the plaintiffs' civil rights to free speech and assembly resulting from the enforcement by the Sheriff of Starr County of a temporary restraining order procured by the defendant Ramirez from the District Court of that County prohibiting the holding of a political rally within 500 yards of the said defendant's hospital in Roma. The district court dismissed the action on motion of the defendants and the plaintiffs have appealed.

The action of the district court was based upon its view that the court was without jurisdiction to enjoin the election contest proceeding in the state court, that the claim for damages for loss of the federal grant by reason of the alleged frivolous nature of the election contest was premature, and that the court was without jurisdiction to entertain the claim for damages for deprivation of the rights of free speech and assembly against the defendants since they were private citizens and not state officers.

We are satisfied that the suit was rightly dismissed. Section 2283 of title 28, U.S.C., expressly prohibits the granting of an injunction by a federal court staying proceedings in a state court, except in limited circumstances not here present. The election contest here involved was a proceeding in a state court within the protection of that statute. The district court rightly held that the contest petition asserted legal grounds of contest. The contestants were accordingly entitled to prosecute their election contest in the state court and only if the contestants should abandon or lose the contest proceeding in the state court would the plaintiffs be in position to claim damages on the ground that the proceeding was frivolously brought. So far as concerns the claim for damages for preventing the holding of the political rally the district court did not err in dismissing the claim on the ground that all the persons responsible for the alleged wrongdoing were not joined as parties.

The judgment of the district court is affirmed.